F. James DATRI Jr., Plaintiff–Appellant,

v.

The INCORPORATED VILLAGE OF BELLPORT, Frank C. Trotta, Phil Gallo, Robert Lyons III, John N. Orlando, J. Lee Snead, Richard Semple, Robert A. Green, Joseph Rutkowski, Waterfront Management Board, Beach And Dock Commission, Nancy Oakley, Marilyn T. Reich, Stephen Bennett, Terri Bennett, Samantha Bennett, William Douglas Hodgson, Stephen Yacubich, Defendants–Appellees.

No. 06–4070–cv.

United States Court of Appeals, Second Circuit.

Sept. 11, 2008.

F. James Datri Jr., Brookhaven, NY, pro se.

Edward M. Gould, Islip, NY, for Plaintiff–Appellant.

Brian S. Sokoloff (Adam I. Kleinberg, of counsel), Miranda Sokoloff Sambursky Slone Verveniotis LLP, Mineola, NY, for Defendants–Appellees.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant F. James Datri Jr. appeals from a judgment in favor of defendants Village of Bellport (the "Village") and seventeen other individuals and entities, entered by the District Court on defendants' motion for summary judgment. *See Datri v. Inc. Vill. of Bellport*, 04–CV–3497, 2006 WL 2385429, 2006 U.S. Dist. LEXIS 57686 (E.D.N.Y. Aug. 17, 2006). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

■ Datri contends that the District Court erred by granting summary judgment for defendants in spite of the existence of a "genuine issue of material fact to be considered by a jury.". Appellant's Br. 8. He does not, however, identify any factual matter that is actually disputed on appeal by the parties. Instead, he challenges, on legal grounds, the sufficiency of the pre-deprivation notice sent by the Village and the fairness of the hearing that resulted in his sixteen-month expulsion from the recreational facilities of the Village. Even assuming for the sake of argument that Datri has a significant liberty or property interest in using these facilities, his challenges are without merit.

First, Datri questions the adequacy of the July 17, 2003 notice sent by the Village Board that instructed him to attend a meeting on July 29 to discuss his conduct at a Village beach on July 13. He argues that this notice did not "detail the reasons for the proceeding," *id.* at 10, but this argument is contradicted by his own deposition testimony in which he acknowledged that he received a letter from the Village Board "to discuss an incident of July 13," Supplemental App. 63. This letter stated that the "Mayor and Village Board" called the July 29 meeting to address the "incident" of July 13 and that the "meeting will determine what actions, if any, the Board

of Trustees will take pursuant to this incident." Appellees' App. 645. The letter informed Datri that this " 'matter [was] pending and [allowed him to] choose for himself whether to appear or default, acquiesce or contest.' " *Luessenhop v. Clinton County*, 466 F.3d 259, 269 (2d Cir. 2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Because the letter was a " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,' " *id.* (quoting *Mullane*, 339 U.S. at 314, 70 S.Ct. 652), the Village provided Datri with adequate notice of the July 29 meeting and its purpose.

■ Second, Datri contends that the July 29 meeting did not "provide an effective opportunity to . . . confront[ ] adverse witnesses and present his own arguments and evidence." Appellant's Br. 10. This contention finds no support in the uncontested record before us. At the July 29 meeting, Datri was present during the testimony of two eyewitnesses to the July 13 altercation at the Village Marina and was confronted with the evidence against him. Datri was offered an opportunity to testify, and he availed himself of that opportunity. In fact, he conceded at his deposition that he was allowed to explain fully his position to the Village Board. The only shortcoming of that explanation, in his view, was his failure to describe "how rude and arrogant" his antagonists were because he did "not want[ ] to state more than was necessary." Appellees' App. 599. The record contains no evidence that Datri was denied the opportunity to present testimony from his own witnesses at the meeting or to obtain the assistance of counsel. Nor does Datri claim that he was prevented from calling witnesses or obtaining a lawyer; he simply believes that the Village should

have advised him that he could do so. In light of (1) the deprivation at issue, *i.e.*, a sixteen-month ban from the Village's recreational facilities; (2) the limited risk of an erroneous deprivation resulting from the adversarial pre-deprivation procedures used by the Village; and (3) the Village's interest in protecting the "safety and welfare of the Village employees, residents and boaters preset at the Marina," Appellees' App. 372, we conclude that Datri received all the process to which he was entitled. *See Krimstock v. Kelly*, 464 F.3d 246, 253 (2d Cir.2006) (listing the three factors that courts consider when determining whether a government deprivation conforms to the requirements of due process of law—namely, "(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used and the value of other safeguards; and (3) the government's interest.") (citing *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Accordingly, Datri's arguments on appeal lack merit, and we therefore AFFIRM the judgment of the District Court.